**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 4:17-CR-375 RLW |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| MICHAEL BRANDON THOMAS-WILLIAMS, | (COMPASSIONATE RELEASE) |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

**IT IS ORDERED** that the Motion (ECF No. 68) and Supplemental Motion (ECF No. 75) are: ☒ **DENIED** after complete review of the motions on the merits.

☒ **FACTORS CONSIDERED**.

The Court finds that Defendant has exhausted administrative remedies. Defendant seeks compassionate release based on extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i), citing family circumstances concerning four of his children  Defendant asserts that one of his children, thirteen-year-old S.D., is in foster care while a care and protection case is pending in St. Louis County Family Court due to abuse and neglect allegations against her mother. Defendant asserts that three of his other children, ages sixteen, fifteen, and three, are now living without their mother, Defendant's girlfriend of twenty years. The mother is a licensed respiratory therapist who relocated to Texas in August 2021 to take a better-paying job caring for acute COVID patients through an emergency staffing company. In Defendant's girlfriend's absence,

their three children are staying with Defendant's mother and two of his girlfriend's sisters, rotating from one home to another.  Each of the women have demanding work schedules and the girlfriend's sisters have children of their own.  Defendant asserts that as a result, these caregivers have difficulty meeting the children's basic needs.

Defendant asserts that in the absence of both of their parents, his children are not receiving the level of care they need.  Defendant states that his three-year-old son misses his mother greatly and now struggles with his emotions and cries easily, waking at night crying as often as every two hours.  Defendant states that his teenage son is angry, withdrawn, and sullen at an age where he needs support and guidance, and his teenage daughter is withdrawn, feels stress, and her grades are lagging behind what she expects, as she finds herself responsible for much of her younger brother's care and running the house.

The Court also considers the materials submitted with Defendant's Supplemental Motion, specifically his BOP sentence computation records, Defendant's letter to the Court (ECF No. 73-1 at 37-39), letters from Defendant's girlfriend, the mother of his three children (id. at 41), Defendant's mother (id. at 42-43), Defendant's teenage son (id. at 44), and Defendant's teenage daughter (id. at 45); a letter of recommendation from Defendant's Unicor Foreman at FCI Greenville (id. at 51), Defendant's BOP Inmate History-Work Detail (id. at 52), and his BOP Disciplinary Record (id. at 54).

The United States Probation Office prepared a First Step Act Compassionate Release Report (ECF No. 79) in this case.  The Probation Officer conducted telephone interviews with Defendant's girlfriend and one of her sisters in March 2022.  (Id.)  The girlfriend reported she did not know when she would return to live in St. Louis, and stated that all three of her children are adequately cared for by their grandmother and, in the grandmother's absence, by her sister.  (Id. at

3.) The girlfriend reported the children have struggled emotionally with adjusting to the changes in their lives with both parents away. (Id.) The girlfriend's sister reported she provides care for the three children three to four times per week, including overnight stays at least twice a week. (Id. at 4.) The sister stated the children are adequately cared for but said they have struggled emotionally with adjusting to their living situation of having both parents away, and believe they would be better able to cope if their parents were with them on a daily basis. (Id.) The Report also states that based on available information, S.D.'s mother's parental rights have not been terminated and "the probation office is unable to ascertain that the state court would place [Defendant's] daughter in his care and custody upon his release from imprisonment." (Id.)

      The facts of this case do not directly fall within the guidance of U.S.S.G. § 1B1.13 Application Note 1(C) "Family Circumstances," which states that extraordinary and compelling circumstances exist upon "the death or incapacitation of the caregiver of the defendant's minor child or minor children," or "the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." This commentary is relevant but not binding on this Court, see United States v. Marcussen, 15 F.4th 855, 859 (8th Cir. 2021), and the Court expressly recognizes its ability to exercise discretion in this case.

      The Court acknowledges it is not an optimal situation for Defendant's children to be living without either parent present. With respect to Defendant's three children with his girlfriend, the reason they are in this situation is that the girlfriend elected to move to Texas for better paying work, although she could work as a licensed respiratory therapist in St. Louis and be with her children. Both Defendant's girlfriend and her sister told the Probation Office they believe the children are adequately cared for, though they are having some emotional struggles. Defendant's

3

girlfriend appears free to reconsider her employment choices at any time if she believes it is necessary or appropriate to do so. As for Defendant's daughter S.D., she is in foster care while her mother's case is being handled in St. Louis County Family Court. The mother's parental rights to S.D. have not been terminated and there is no indication S.D. would be placed in Defendant's custody if he were released.

Under these circumstances, the Court finds that while Defendant's motions describe unfortunate situations for his children as a result of his incarceration, they do not establish extraordinary and compelling reasons for compassionate release under the First Step Act, and they will be **DENIED**. (ECF Nos. 68, 75)

**IT IS SO ORDERED**.

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 26th day of May, 2022.